UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-252(JNE/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JONATHAN JAMES PEREZ,

        Defendant.

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS**

Comes now the United States, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, and hereby submits the following response to the defendant's pre-trial motions.

**1. Motion to Compel Production of Brady, Giglio and Rule 16 Information. (Documents 16, 17).**

The government is aware of its obligations under Brady v. Maryland, 373 U.S. 83, (1963), and its progeny, and it will continue to comply with those obligations. Some of defendant's motions for all potentially favorable evidence are over broad, and to the extent they seek materials which are not required to be disclosed under Brady and its progeny, the government opposes the motions. Some of the requests seek material for which discovery is not authorized, such as reports of interviews of witnesses, and in some instances is prohibited, by the rules and statutes.

To the extent evidence exists which is both favorable to a defendant and material to either guilt or punishment, the evidence will be disclosed to the defendant.

As to Rule 16, the United States has already complied with Rule 16(a)(1)(A)-(F) and has even made discovery not required by law. However, the United States objects to any discovery order which exceeds the requirements of Rule 16. Rule 16 is the only vehicle for discovery in a criminal case and it has been held consistently that there is no general constitutional right to discovery in a criminal case. See United States v. Bursey, 429 U.S. 545, 559 (1977).

The government agrees to comply with the directives of Giglio v. United States, 405 U.S. 150 (1972). Further the government agrees to provide the defendant, three days before trial, a copy of the criminal records, if any, of its witnesses. The government also agrees to provide the defendant in advance of trial any promises or agreements between the government and its witnesses, if any.

The government declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of Brady, Giglio, and the rules of discovery.

**2.      Motion for Pretrial Disclosure of Jencks Act Material.  (Document 19).**

The United States objects to this motion. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. Finn v. United States, 919 F. Supp. 1305, 1315 (D. Minn. 1995); see also United States v. Ben M. Hogan Co., 769 F.2d 1293, 1300 (8th Cir. 1985); United States v. White, 750 F.2d 726 (8th Cir. 1984). Accordingly, the United

States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

3. **Motions for Pretrial Disclosure of 404(b) Evidence.  (Document 18).**

The defendant has moved for immediate disclosure of any Rule 404 evidence which the government intends to offer at trial.  The United States has provided the defendant with information relating to prior bad acts committed by the defendant.  If the government intends to use such evidence at trial pursuant to Rule 404(b), it agrees to provide notice within 14 days of trial.

Dated:  September 18, 2014

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ David P. Steinkamp*

BY:  DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID No. 178470