UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-252(JNE/TNL)

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **GOVERNMENT'S POSITION REGARDING SENTENCING** |
| JONATHAN JAMES PEREZ, | ) | |
| Defendant. | ) | |

The United States by its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and David P. Steinkamp Assistant United States Attorney, hereby submits its Position Regarding Sentencing in the above-entitled matter.

**1. BASE OFFENSE LEVEL.**

The government agrees with the conclusion of the Pre-Sentence Report (PSR) that the base offense level for Count 1 is 32.

**2. SPECIFIC OFFENSE CHARACTERISTICS.**

The government agrees with the conclusion of the PSR that the base offense level should be increased by 2 levels to 34 because the victim had not yet attained the age of 16. Further a 2-level enhancement should be applied because the offense involved the commission of a sexual act, increasing the base offense level to 36. The government further agrees with the conclusion of the PSR that the base offense level should be increased by an additional 2 levels to 38 because a computer was used.

3. **ACCEPTANCE OF RESPONSIBILITY.**

The government agrees that a 3-level reduction for acceptance of responsibility is warranted, as long as defendant continues to accept responsibility for his crimes. Accordingly, the government concurs in the PSR finding that the offense level should be reduced to 35.

4. **CRIMINAL HISTORY CATEGORY.**

The government concurs in the finding of the PSR that the defendant's criminal history category is V because he is a Repeat and Dangerous Sex Offender.

5. **APPLICABLE GUIDELINE RANGE.**

The government concurs in the finding of the PSR that based upon a criminal history category of V, and a total offense level of 35, the guideline range is 262-327 months imprisonment.

6. **MANDATORY MINIMUM.**

The government concurs that a 25 year mandatory minimum sentence applies.

7. **WHAT IS A REASONABLE SENTENCE IN THIS CASE?**

It is the position of the government that a sentence of 327 months is a reasonable sentence in light of the unique facts and circumstances of this case.

Under 18 U.S.C. Section 3553(a), when determining the ultimate sentence, the Court looks to the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense; the need to promote respect for the law; the need to provide adequate deterrence and protection of the public; providing the defendant with needed educational training, vocational training, medical care, or other

correctional treatment in the most effective manner; the kinds of sentences available; and the applicable guideline sentencing range. 18 U.S.C. Section 3553(a).

Here, the PSR sets forth all of the facts and circumstances that allow the Court to examine and apply the factors set forth in 18 U.S.C. Section 3553(a), and will not be repeated here.

### A. The History and Characteristics of the Defendant.

The defendant's criminal history shows that he will not be easily rehabilitated. In 1998 the defendant sexually assaulted two young children and was placed on probation until the age of 18. It does not appear that he received any sexual offender treatment related to the offense. In 2005, the defendant was charged with Possession of Child Pornography. The charge was dismissed, possibly as some sort of plea bargain. In 2008, the defendant re-offended and again victimized a six-year old child. He was first placed on 10 years' probation, then ultimately sent to prison for four years for violating the terms of his probation. He is now appropriately deemed a Repeat and Dangerous Sex Offender under the guidelines. A sentence of 327 months adequately reflects the defendant's prior criminal history and characteristics.

### B. The Seriousness of the Offense.

The nature and circumstances of the offense are extremely serious. The defendant, a registered sex offender, began grooming the victim over social media from the defendant's home state of Texas in August of 2013. During the months between August and December 2013, the defendant actively preyed on his young victim employing psychological manipulation and emotional exploitation. During this period, the

3

defendant misled the victim about his age and identity, and enticed the victim (who was struggling with sexual identity), to believe the victim was in a romantic relationship with the defendant. Once the defendant had ensnared the victim, he arranged to travel to Minnesota to sexually assault the victim and create child pornography of his assaults. After arriving in Minnesota, the defendant invaded the victim's family home and repeatedly assaulted the child under the victim's parents' roof. He lived in the victim's basement for 10 days, continuing to deceive the victim of his age and intentions the entire time. It was only when he was discovered by the victim's father that he discontinued his criminal activity and fled back to Texas. The predatory behavior the defendant engaged in warrants a lengthy sentence.

    **C.**    **The Need to Provide Deterrence and Protect the Public.**

A 327 month sentence sends a strong message to this defendant, and to others who may engage in this very damaging criminal activity, that the criminal justice system will mete out lengthy sentences in an effort to deter this type of behavior. The defendant has not been deterred in the past with less severe punishments, and is deserving of a lengthy sentence here.

Additionally, the public needs to be protected from the defendant. He has already deeply scarred the lives of many children. The Court should impose a sentence that is long enough to prevent the defendant from victimizing children in the future. The defendant is a young, healthy man. A sentence of 327 months places the defendant back in free society in his late 50's, when he will be placed on strict supervised release

conditions. Such a sentence will insure that the defendant cannot easily commit such an offense again, accomplishing the goal of protecting the public.

**D.    The Need to Provide the Defendant With Training and Treatment.**

A 327 month sentence will provide the defendant with sufficient time to complete necessary sex offender treatment. The defendant needs extensive treatment for his behavior. He has engaged in a pattern of criminal sexual conduct for an extensive period of time. His behavior is predatory and deeply ingrained. A lengthy prison sentence will offer the defendant a lengthy opportunity to obtain treatment and attempt to rid himself of the significant disorder by which he is driven to victimize the vulnerable in our society.

Further, the defendant has no job skills. A lengthy sentence will give him time to obtain an education and vocational skills.

**E.    The Kind of Sentences Available and the Applicable Guideline Range.**

A sentence within the guideline range is fair and reasonable and takes into account all of the factors set forth in 18 U.S.C. Section 3553(a).

**8.    RESTITUTION.**

As of the date of the filing of this document, no request for restitution has been submitted.

**9.     SUPERVISED RELEASE.**

The government requests a supervised release term of life.

Dated: September 1, 2015

                                      Respectfully Submitted,

                                      ANDREW M. LUGER
                                      United States Attorney


                                      *s/ David P. Steinkamp*

                                      BY:  DAVID P. STEINKAMP
                                      Assistant U.S. Attorney
                                      Attorney ID No. 178470